IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JARED WALCZAK,** on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | **N<u>o</u>.** 21-cv- |
| Plaintiff, | **Hon. Judge** <br> **U.S. District Court Judge, Presiding** |
| v. | |
| **FALCON MOVING LLC AND JASON ROSKO, INDIVIDUALLY** | Hon. Judge <br> Magistrate Judge |
| Defendants. | ***JURY DEMAND*** |

## COMPLAINT

NOW COMES Plaintiff, **JARED WALCZAK,** ("Plaintiff" or "named Plaintiff"), on behalf of himself and all other Plaintiffs similarly situated, by and through his attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for his Complaint against Defendants, **FALCON MOVING LLC AND JASON ROSKO** (the "Defendants"), states as follows:

**I.    NATURE OF ACTION**

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 et seq., the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq*.

**II.    JURISDICTION AND VENUE**

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims, pursuant

to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **FALCON MOVING LLC** (hereinafter referred to individually as ("Falcon") is an Illinois limited liability company that owns and operates a moving company.

4. Falcon provides moving services for residential and commercial customers. Falcon performs intrastate and interstate moves.[1] Falcon's primarily operating facility is located at 651 Martin Drive in South Elgin, Illinois.

5. Falcon is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

6. During all relevant times, Defendant Falcon was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

7. Defendant **JASON ROSKO** (hereinafter referred to individually as "Rosko", and any reference to Defendant Falcon shall likewise include and refer to Rosko) is the owner and the primary manager of Falcon.

8. In his capacity as owner and manager, Rosko was vested with the authority to implement and carry out the wage and hour practices of Falcon.

---

[1] See https://falconmoving.com/services/

9. Rosko acted as the manager of Falcon and was responsible for assigning projects, creating and distributing schedules, project supervision, and oversaw all aspects of Falcon's business operations and client interactions.

10. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Rosko and Rosko in turn responded to those communications with the authority described herein.

11. Thus, at all times relevant hereto Rosko was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

12. Plaintiff, **JARED WALCAK,** is a former mover employee of Defendants who performed all manual labor aspects of residential and commercial moving, including packing, disassembling and reassembling furniture, unpacking and moving.

13. Plaintiff was consistently required to work off the clock both before and after his shifts in line with Falcon's specific company policy which called for the same.

14. Plaintiff worked over 40 hours most work weeks such that the time Falcon forced him to work off the clock are owed at his overtime rate of pay of one and one-half his regular rate.

15. Additionally, when Plaintiff worked as a driver-helper on interstate moves, Falcon improperly compensated Plaintiff, and members of the Plaintiff Class, with a flat rate of approximately $150 regardless of how many hours were worked. Plaintiff was also required to pay out-of-pocket for certain expenses incurred within the scope of his job including lodging and meals.

16. Falcon should have compensated Plaintiff on an hourly basis for all hours worked, including those incurred working on out-of-state moves, and paid Plaintiff his

proper overtime rate of pay for all hours worked over 40 in individual work weeks.

17. Defendants typically compensated Plaintiff, and members of the Plaintiff Class, on an hourly basis but failed to pay one-and one-half times the employees' regular hourly rates of pay for all hours worked.

18. Defendants required that Plaintiff, and members of the Plaintiff Class, perform substantial amounts of pre- and post-shift work off the clock for which they did not receive their regular of overtime hourly rates of pay.

19. Defendants' violations as alleged herein were in violation of the federal, state and municipal laws relied upon herein.

20. All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who were also required to work off the clock before and after shifts with proper compensation and were improperly paid flat rates for interstate moves and did not receive overtime premiums at a rate of one-and one-half their regular hourly rates of pay..

21. As an employee(s) performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

**Collective Action Under the Fair Labor Standards Act**

22. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA

4

and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

23. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

24. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 *et seq.*, of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid back wages, including overtime and minimum wages, respectively, earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiffs herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

### Illinois Wage Payment and Collection Act

25. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count VI of this action is brought by Plaintiff to recover from Defendants reimbursement of employee expenses incurred within the scope of his employment. Plaintiff was required to perform certain tasks directly related to his job and at the direction of the employer Defendants which required personal expenditure and loss. These necessary tasks which resulted in individual loss attributed to Plaintiff was required to be reimbursed to Plaintiff in accordance with the IWPCA. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count VI. The claims asserted by

Plaintiffs herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

26. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

27. Plaintiff began working for Defendants as a mover and laborer in approximately May 2021. Plaintiff separated from Defendants on approximately December 13, 2021.

28. Plaintiff performed a variety of duties in support of Defendants' moving business, including packing, unpacking, disassembly and reassembly of furniture and other large items, and moving.

29. Plaintiff performed exclusively manual labor duties. Plaintiff's job sites varied frequently, often daily. Sometimes Plaintiff was assigned to multiple moves at different locations each day.

30. Throughout the duration of Plaintiff's employment, he worked at least two hours while physically present in the City of Chicago during individual two-week periods and was at all times "Covered Employee" as defined by the CMWO.

31. Defendants employed and employ "Covered Employees", including Plaintiff, and as such were and are "Employers" as defined by the CMWO. Additionally, because Defendants were operating and engaging in business, including moving services, within the City of Chicago, Defendants were and are subject to license requirements set forth by the Municipal Code of Chicago.

32. Upon information and belief, Defendants possessed proper license(s), insurance and permit requirements to engage in moving services and otherwise conduct business within the City of Chicago.

33. Upon information and belief, Defendants were subject to City of Chicago licensing, permit and insurance requirements and thus possessed the required and proper license(s) to provide moving services otherwise conduct business within the City of Chicago.

34. As such, Plaintiff, who worked in the City of Chicago, was a Covered Employee working for a Covered Employer as defined by the CMWO and is entitled to the CMWO's protections.

35. All of Plaintiff's job duties, work assignments and day-to-day activities were directed by Jason Rosko. Rosko managed day-to-day activities for Plaintiff and all other hourly workers.

36. Defendant Rosko often held staff meetings at the beginning of each workday where he would hand out daily assignments, instructions and discuss other important business and staff matters. Rosko was directly involved in all of Falcon's business operations, including the minute details of the specific duties being performed by Plaintiff and other members of the Plaintiff Class at each job site each day. Rosko directly supervised and managed Plaintiff and members of the Plaintiff Class on a daily basis.

37. Plaintiff was paid $14.50 per hour at the start of his employment with Defendants. Plaintiff later received a raise to $15.00. Plaintiff was paid weekly by payroll check.

38. Plaintiff was typically assigned about 40 hours per week. At times, Plaintiff was scheduled and worked more than 40 hours per week.

39. When Plaintiff was scheduled for more than 40 hours and did not work any out-of-state or other designated flat rate jobs, Plaintiff was paid overtime premiums of one and one-half his regular rate of pay.

40. During the course of his employment, Falcon did not use any time-keeping system. Upon information and belief, Defendants would pay Plaintiff based only on the assigned schedule.

41. While Defendant's company policy provided that Plaintiff would be paid for "drive time" based on the amount of time Google Maps estimated it should take to drive each day, Defendants did not itemize this category of wages or provide any relevant calculation for the same.

42. To the extent Defendants failed to incorporate valid working time spent traveling and other compensable travel time that occurred within the scope of Plaintiff's employment into his pay, Plaintiff is owed additional wages and overtime premiums pursuant to the Portal-to-Portal Act, 29 U.S.C. §251 *et seq*.

43. Defendants' timekeeping and pay policy as written in the employee handbook stated that movers were paid only "15 minutes for time spent at the warehouse each morning". However, Plaintiff and members of the Plaintiff Class were regularly required to work in excess of 15 minutes pre-shift in the morning and additional time post-shift upon returning to the warehouse in the evenings

44. In the mornings, Plaintiff was required to report to Defendants' warehouse at least 30 minutes prior to his shift. Due to the demands of the job, sometimes Plaintiffs would arrive at Defendants' warehouse more than 30 minutes before his shift to begin work.

45. During Plaintiff's pre-shift off the clock work, Plaintiff received job assignments and related information and instructions from Defendants, including Rosko, prepared the

8

truck, gathered supplies, and engaged in other related activities before leaving for the first job site.

46. According to Defendants' policies and handbook, Plaintiff did not start receiving hourly wages until he arrived at the first job site of the day. These work hours, or "job hours" as referred to by Defendants, constituted the hours that made up Plaintiff's regular hourly wages. These "job hours" did not include the travel time between Plaintiff leaving the warehouse and arriving at the job site in the morning nor leaving the last job site and returning to the warehouse in the evening. These "job hours" also did not include Plaintiff's pre- and post-shift work.

47. Upon returning to the warehouse after his shift, Plaintiff was required to perform post-shift tasks including cleaning the truck, returning supplies, end of day paperwork, and other tasks as assigned by Defendants.

48. All of Plaintiff's post-shift work that was performed after arriving back to Defendants' warehouse in the evenings was "off the clock" and unpaid.

49. On numerous occasions over the course of his employment with Defendants, Plaintiff inquired with Rosko as to whether the additional time worked in excess of 15 minutes in the morning or any of the post-shift time worked in the evenings were paid. Rosko informed Plaintiff that this additional, unpaid work was part of the job.

50. Plaintiff estimates that he worked at least one hour per day off the clock, and at times more. In most cases, had this time been properly recorded by a timekeeping system or otherwise accounted for by Defendants, these pre- and post-shift hours would have resulted in hours worked in excess of 40 in a work week due at the overtime rate of pay.

51. Even if Defendants did credit Plaintiff and Plaintiff Class members 15 minutes per day for work performed outside of the assigned schedule, this amount was woefully

9

deficient and did not properly compensate Plaintiff or Plaintiff Class members for all pre- and post-shift work performed for the benefit of the employer such that Plaintiff and Plaintiff Class members are owed additional wages.

52. Additionally, on numerous occasions, Plaintiff was assigned by Defendants as a "driver helper" on out-of-state moves. Plaintiff would accompany out-of-state moving crews as part of residential and commercial moves that began in Illinois and were completed out-of-state.

53. When Plaintiff worked out-of-state moves, he was not compensated his regular hourly rate on an hourly basis. Instead, Defendants paid Plaintiff a flat rate of $150 to compensate Plaintiff for the out-of-state job. Plaintiff received the flat rate of $150 regardless of how many hours he actually worked over the course of the out-of-state move. These flat rate payments would appear on Plaintiff's paycheck as "lump payment".

54. This policy is enumerated in Falcon's employee handbook, which states that "certain types of jobs "(usually weight distance jobs) [pay a] flat amount for the day".

55. The "weight distance" (typically out-of-state) moves that were paid via flat rate required significantly more hours than regular intrastate moves, such that Plaintiff would work upwards of 10 or 12 hours in a day. At times, these "weight distance" jobs carried over across multiple days and require overnight stays.

56. Plaintiff was required to pay out-of-pocket for meals and lodging when assigned to flat rate, "weight distance" or out-of-state moves.

57. However, Falcon should have treated this working time the same as all other working time incurred by Plaintiff and paid Plaintiff, and putative class members, by the hour at the proper regular and overtime rates of pay. Falcon's policy to only pay Plaintiff and

Plaintiff Class members flat rates for "weight distance" jobs resulted in non-payment of overtime wages.

58. Plaintiff also inquired with Falcon, including Rosko, about why certain jobs were paid as flat rate and not treated like regular hourly work and why hours worked during "weight distance" jobs did not accumulate with the rest of his working hours each week. Plaintiff further inquired with Rosko as to why flat rate jobs were not considered overtime and paid at time and one-half rate. Rosko demurred to Plaintiff's inquiries and failed to remedy this improper practice.

59. Upon information and belief, Plaintiff understood that all of Falcon's hourly employees were paid in the same or similar fashion as described above and were also denied wages, including overtime premiums, for pre- and post-shift off the clock work and did not receive all regular and overtime wages due to them as a result of Defendants' improper flat rate compensation structure for "weight distance" moves.

60. Upon information and belief, Plaintiff understood that other employees were also required to pay out-of-pocket for certain expenses incurred within the scope of their job while working "weight distance" moves, including meals and lodging.

61. Plaintiff, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for all hours pursuant to the requirements of the federal, state and local law.

62. The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record

keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

63. The claims brought herein by the named Plaintiff are based on non-compliant practices and policies implemented by the Defendants and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-63. Paragraphs 1 through 63 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 63 of this Count I.

64. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times their regular/effective rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

65. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the Named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-65. Paragraphs 1 through 65 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 65 of Count II.

66. Defendants' actions as complained above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

67. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

  (a)  back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

  (b)  prejudgment interest with respect to the amount of unpaid overtime compensation;

  (c)  Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

  (d)  such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

  1-67. Paragraphs 1 through 67 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 67 of Count III.

  68. In denying Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

  69. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

  WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

  (a)  liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-69. Paragraphs 1 through 69 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 69 of this Count IV.

70. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

71. The Illinois Minimum Wage Law provides that an employer who fails to pay the required wages due to an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 19, 2019 and (b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

72. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

    (b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

    (c)    allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

    (d)    directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

    (e)    for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-72.    Paragraphs 1 through 72 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 72 of this Count V.

73.    Plaintiff was an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

74.    Defendants were each an "employer" as defined in the CMWO§ 1-24-10.

75.    Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

76.    Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 1-24-040.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

    (a)    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

    (b)    Statutory interest damages in the amount of three times the amount of unpaid overtime;

    (c)    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

    (d)    for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VI

**SUPPLEMENTAL STATE LAW CLAIM**
**VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT**

    1-76.    Paragraphs 1 through 76 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 76 of this Count VI.

    77.    Plaintiff was an "employee" under the IWPCA, 820 ILCS § 115/2.

    78.    Plaintiff was not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

    79.    Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

    80.    During the employment of the named Plaintiff, Defendants failed to reimburse Plaintiff and members of the Plaintiff Class for necessary expenditures or losses incurred by said employees within the scopes of their employment and directly related to Defendants' primary moving business in accordance with 820 ILCS §115/9.5. Defendants failed to comply with requests by Plaintiff for such reimbursement and/or with Defendants' own reimbursement policy in with the Act.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

    (a)    Judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due to Plaintiff;

    (b)    Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

      (c)    directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

      (d)    for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 01/27/2022*

/s/ Samuel D. Engelson
Samuel D. Engelson
John William Billhorn

Attorneys for Plaintiff, and those similarly situated, known and unknown

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450