**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JASON WALCZAK, on behalf of himself and all other plaintiffs similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FALCON MOVING LLC and JASON ROSKO,<br><br>Defendants. | Case No. 22-CV-00483 |

**AGREED MOTION FOR COURT APPROVAL**
**OF SETTLEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff Jason Walczak and Defendants Falcon Moving LLC and Jason Rosko ("Defendants") (together with Plaintiff, the "Parties"), by their respective undersigned counsel, move the Court to approve the Parties' settlement agreement and dismiss this action in its entirety with prejudice. In support of this Motion, the Parties state:

1.      In the Complaint, Plaintiff alleges a class and collective action asserting, among other things, that Defendant violated the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law by failing to pay wages and overtime premiums as required by these laws.

2.      Through informal information sharing deemed sufficient by the Parties, the Parties reached agreement on all terms and conditions of settlement, which included agreement on the amount that will be paid by Defendants to Plaintiff and the amount of attorney fees that will be paid by Defendants to Plaintiff's attorney. Plaintiff's counsel has agreed to accept the sum specified in the agreement as its attorney fees and costs and to release the attorney's lien served on Defendants.

3.      The Parties have reached agreement to settle all of the remaining claims asserted in this action, the terms of which have been memorialized in a settlement agreement. The settlement agreement before the Court contains information related to the settlement of Plaintiff's claims

only. A copy of the Confidential Settlement Agreement and Mutual General Release is attached as Exhibit A.

4.      When an employee brings a private action against his employer or former employer under the FLSA, a wholly private settlement between the parties is not enforceable. Consequently, in such a situation the parties present to the court a proposed settlement, so the court may enter a stipulated judgment dismissing the case after examining the settlement to ensure that it is a fair and reasonable resolution of a bona fide dispute under the FLSA. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Walton v. United Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986).

5.      The settlement agreement is a fair and reasonable resolution of a *bona fide* dispute both as to liability and the amount of any compensation allegedly owed under the FLSA or any other statute or law, including Plaintiff's attorney fees and costs. Accordingly, the Parties ask the Court to enter an order approving the settlement of this claim and the settlement agreement entered into by the Parties and dismissing this case with prejudice.

WHEREFORE, the Parties request that this Court approve the settlement, dismiss this case with prejudice, and grant such further relief as this Court deems just and appropriate.

| **JARED WALCZAK** | **FALCON MOVING LLC AND JASON ROSKO** |
|---|---|
| By:  John William Billhorn ____ | By: /s/ Heather Kuhn O'Toole |
| John William Billhorn | Charles A. Valente (6198718) |
| Samuel D. Engelson | Heather Kuhn O'Toole (6277828) |
| Billhorn Law Firm | Kaplan Saunders Valente & Beninati, LLP |
| 53 West Jackson Blvd., Suite 401 | 500 North Dearborn Street – Second Floor |
| Chicago, IL 60604 | Chicago, Illinois 60654 |
| (312) 853-1450 | (312) 755-5700 |
| *Attorneys for Plaintiff Jared Walczak* | *Attorneys for Falcon Moving LLC and Jason Rosko* |

2